IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600<br><br>and<br><br>U.S. ARMY,<br>Office of the Army General Counsel<br>104 Army Pentagon<br>Washington, DC 20310-0104<br><br>*Defendants*. | Case No. 21-cv-637 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Defense and the U.S. Army under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. Army (Army) is a component of the Department of Defense (DOD), which is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Army has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

8. On January 12, 2021, American Oversight submitted similar FOIA requests to DOD and the Army seeking, broadly speaking, records reflecting communications with the Office of the President and the Office of the Vice President on January 6, 2021.

*DOD Vice President Request*

9. On January 12, 2021, American Oversight submitted a FOIA request to DOD seeking the following on an expedited basis:

> All records reflecting communications (including emails, email attachments, complete email chains, text messages (or messages on similar applications such as Signal or WhatsApp), calendar invitations, and notes from or readouts from phone calls) <u>between</u> (1) the officials listed below, and (2) Vice President Mike Pence or Marc Short, Chief of Staff to Vice President Mike Pence, or anyone communicating on either of their behalf (including, but not limited to, anyone communicating with email addresses ending in ovp.eop.gov).
>
> 1. Chris Miller, Acting Secretary of Defense
> 2. Kash Patel, Chief of Staff to the Acting Secretary of Defense
> 3. Paul Ney, General Counsel of the Department of Defense
>
> Please provide all responsive records from January 6, 2021.

Ex. A. at 2.

10. On January 15, 2021, DOD acknowledged this request, assigned the request tracking number 21-F-0428, and granted American Oversight's request for expedited processing.

11. As of the date of this Complaint, American Oversight has not received any further communication from DOD regarding this request.

*DOD White House Request*

12. Also on January 12, 2021, American Oversight submitted a FOIA request to DOD seeking the following on an expedited basis:

> All records reflecting communications (including emails, email attachments, complete email chains, text messages (or messages on similar applications such as Signal or WhatsApp), calendar invitations, and notes from or readouts from phone calls) between (1) the officials listed below, and (2) President Trump or Mark Meadows, Chief of Staff, or anyone communicating on either of their behalf (including, but not limited to, anyone communicating with email addresses ending in who.eop.gov).
>
> 1. Chris Miller, Acting Secretary of Defense
> 2. Kash Patel, Chief of Staff to the Acting Secretary of Defense
> 3. Paul Ney, General Counsel of the Department of Defense
>
> Please provide all responsive records from January 6, 2021.

Ex. B. at 2.

13. On January 15, 2021, DOD acknowledged this request, assigned the request tracking number 21-F-0429, and granted American Oversight's request for expedited processing.

14. As of the date of this Complaint, American Oversight has not received any further communication from DOD regarding this request.

*Army Vice President Request*

15. Also on January 12, 2021, American Oversight submitted a FOIA request to the Army seeking the following on an expedited basis:

> All records reflecting communications (including emails, email attachments, complete email chains, text messages (or messages on similar applications such as Signal or WhatsApp), calendar invitations, and notes from or readouts from phone calls) between (1) the officials listed below, and (2) Vice President Mike Pence or Marc Short, Chief of Staff to Vice President Mike Pence, or anyone communicating on either of their behalf (including, but not limited to, anyone communicating with email addresses ending in ovp.eop.gov).

     1. Ryan McCarthy, Secretary of the Army
     2. Gen. James McConville, Chief of Staff to the Army
     3. James E. McPherson, General Counsel of the Army

     Please provide all responsive records from January 6, 2021.

Ex. C at 2.

16.    American Oversight requested expedited processing of the Army Vice President Request pursuant to the FOIA and DOD regulations. *Id.* at 4–6.

17.    American Oversight is primarily engaged in disseminating information, within the meaning of the FOIA statute and DOD's regulations. *See id.* at 5–6. The Army Vice President Request relates to a matter of urgent public interest about an actual or alleged federal government activity. *See id.* at 4–5.

18.    As of the date of this Complaint, American Oversight has not received any communication from the Army regarding this request.

*Army White House Request*

19.    Also on January 12, 2021, American Oversight submitted a FOIA request to the Army seeking the following on an expedited basis:

> All records reflecting communications (including emails, email attachments, complete email chains, text messages (or messages on similar applications such as Signal or WhatsApp), calendar invitations, and notes from or readouts from phone calls) <u>between</u> (1) the officials listed below, and (2) President Trump or Mark Meadows, Chief of Staff, or anyone communicating on either of their behalf (including, but not limited to, anyone communicating with email addresses ending in who.eop.gov).
>
>     1. Ryan McCarthy, Secretary of the Army
>     2. Gen. James McConville, Chief of Staff to the Army
>     3. James E. McPherson, General Counsel of the Army
>     4. Lt. Gen. Walter E. Piatt, Director of the Army Staff
>
> Please provide all responsive records from January 6, 2021.

Ex. D at 2.

20. American Oversight requested expedited processing of the Army White House Request pursuant to the FOIA and DOD regulations. *See id* at 4–6.

21. American Oversight is primarily engaged in disseminating information, within the meaning of the FOIA statute and DOD's regulations. *See id.* at 5–6. The Army White House Request relates to a matter of urgent public interest about an actual or alleged federal government activity. *See id.* at 4–5.

22. As of the date of this Complaint, American Oversight has not received any communication from the Army regarding this request.

*Exhaustion of Administrative Remedies*

23. As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

24. As of the date of this Complaint, the Army has also failed to notify American Oversight of any determination regarding its requests for expedited processing.

25. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, and the Army's failure to respond to American Oversight's requests for expedited processing within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

**(As to the Army)**

26. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. American Oversight properly requested records within the possession, custody, and control of Defendant Army on an expedited basis.

28. Defendant Army is a component of an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

29. The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance, and American Oversight is primarily engaged in disseminating information to the general public. Therefore, American Oversight's requests justify expedited processing under FOIA and agency regulations.

30. American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant Army to grant expedited processing of American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

31. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

32. American Oversight properly requested records within the possession, custody, and control of Defendants.

33. Defendants are an agency, and a component thereof, subject to FOIA and must therefore make reasonable efforts to search for requested records.

34. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

35. Defendants' failure to conduct adequate searches for responsive records violates FOIA.

36. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

37. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

38. American Oversight properly requested records within the possession, custody, and control of Defendants.

39. Defendants are an agency, and a component thereof, subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

40. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

41. Defendants' failure to provide all non-exempt responsive records violates FOIA.

42. Plaintiff is therefore entitled to declaratory and injunctive relieve requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant Army to grant expedited processing of American Oversight's requests;

(2) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(3) Order Defendants to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: March 10, 2021 Respectfully submitted,

*/s/ Emma Lewis*
Emma Lewis
D.C. Bar No. 144574

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 919-6303
emma.lewis@americanoversight.org

*Counsel for Plaintiff*